STATE OF MINNESOTA ex rel. FREDERICK W. BLAKEMAN, Executor,
      v. JOHN H. STEELE, Probate Judge, and Another.[1]

July 5, 1895.

Nos. 9599—(344).

Probate Court—Order for Maintenance—Certiorari.

> The probate court made an ex parte order, making the widow an allow-
> ance out of the personal estate of her deceased husband for her main-
> tenance during the settlement of the estate, and directing the executor to
> pay such allowance out of the personal estate. The executor moved the
> court to vacate or modify the order, on the ground that there was no per-
> sonal estate out of which to pay it. The probate court denied the motion,
> and on the appeal of the executor the district court affirmed the action of
> the probate court. Thereupon the probate court made an order requiring
> the executor to pay the allowance in accordance with the terms of the
> original order. *Held*, that certiorari will not lie to review this last order;
> that the executor's remedy was by appeal from the order refusing to va-
> cate or modify the order making the allowance.

Certiorari on the relation of Frederick W. Blakeman, executor
of the last will and testament of William Blakeman, deceased,
against the judge of the probate court for Hennepin county and
Kate Blakeman, widow of said deceased. Writ denied.

*F. B. Hart* and *I. W. Arnolds*, for petitioner.
*Charles B. Holmes*, for respondents.

MITCHELL, J. In the estate of William Blakeman, the probate
court, on the ex parte application of the widow of the deceased,
made an order making her an allowance of $50 a month out of the
personal estate of the deceased for the maintenance of herself and
family during the settlement of the estate, and directing the execu-
tor to pay the same. Subsequently the executor moved the pro-
bate court to vacate or modify the order, for the reason that there
was no personal estate from which to pay the allowance. That
court having denied the motion, the executor appealed to the dis-
trict court, where the action of the probate court was affirmed.
Thereupon the probate court, on the motion of the widow, made an

[1] Reported in 63 N. W. 1117.

order requiring the executor to pay her, on or before a day named, the monthly allowance according to the terms of the original order of that court. This application is for a writ of certiorari to review this last order.

We are of opinion that the writ will not lie; that the executor's remedy is by appeal from the order of the district court affirming the action of the probate court in refusing to vacate or modify the order making the allowance. The order now sought to be reviewed by certiorari is purely one to enforce the original order making the allowance. If the original was correct, it ought to be enforced; and, if it was erroneous, the remedy is by appeal from the order refusing to vacate or modify it. State v. Probate Court, 51 Minn. 241, 53 N. W. 463, relied on by the relator, is not in point. The order reviewed by certiorari in that case was one refusing to direct the payment of a claim against the estate out of a particular fund, on the ground that the fund was not applicable to the payment of such claims. There was no right of appeal by which that question could be reviewed. But in this case the error, if any, was in the order refusing to vacate or modify the order making the allowance; and from that order an appeal will lie, first to the district court and then to this court. It is evident that the relator is now seeking to raise on certiorari the same question which he raised, and had a right to raise, on the appeal to the district court.

Writ denied.